UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. | ) | |
| FARRELL ROBBINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 08 C 6282 |
| v. | ) | |
| | ) | |
| TERRY MCCANN, | ) | |
| | ) | Wayne R. Andersen |
| Respondent. | ) | District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of respondent Terry McCann to dismiss the petition for writ of habeas corpus filed by petitioner Farrell Robbins. For the reasons set forth below, the motion to dismiss is granted and this case is terminated.

## BACKGROUND

Petitioner Farrell Robbins is currently incarcerated at the Stateville Correctional Center in Joliet, Illinois. Following a jury trial in the Circuit Court of Cook County, Robbins was convicted on April 6, 1999 of two counts of first degree murder. Order, *People v. Robbins*, No. 1-99-1602 (Ill. App. 2001). Robbins was then sentenced to natural life imprisonment. Pet. at 1. Robbins filed an appeal to the Illinois Appellate Court, which affirmed his conviction and sentence on November 20, 2001. Pet. at 2. Robbins filed a petition for leave to appeal (PLA) to the Illinois Supreme Court, which was denied on April 3, 2002. Order, *People v. Robbins*, No. 93104 (Ill. 2002). Robbins did not file a petition for writ of certiorari to the United States Supreme Court. Pet. at 2.

On April 25, 2002, Robbins filed a petition for post-conviction relief in the Circuit Court of Cook County. Order, *People v. Robbins*, 1-02-2646 (Ill. App. Ct. 2004). The petition was

summarily dismissed on July 19, 2002. Order, *People v. Robbins*, 95 CR 8022 (Ill. Cir. Ct. 2002). The Illinois Appellate Court affirmed the denial of Robbins' post-conviction petition on March 24, 2004 and the Illinois Supreme Court denied Robbins' PLA on October 6, 2004. Order, *People v. Robbins*, No. 1-02-2646 (Ill. App. Ct. 2004); Order, *People v. Robbins*, No. 98607 (Ill. 2004). Robbins did not file a petition for a writ of certiorari to the United States Supreme Court from this collateral appeal.

On January 31, 2006, Robbins filed a successive postconviction petition. Successive postconviction petition, *People v. Robbins*, No. 95 CR 8022. That petition was dismissed on March 9, 2006. Order, *People v. Robbins*, No. 95 CR 8022 (Ill. Cir. Ct. 2006). The Illinois Appellate Court affirmed the denial of the successive post-conviction petition on February 29, 2008 and the Illinois Supreme Court denied Robbins' PLA on May 29, 2008. Order, *People v. Robbins*, No. 1-06-1114 (Ill. App. Ct. 2008); Order, *People v. Robbins*, No. 106293 (Ill. 2008). Robbins did not file a petition for a writ of certiorari to the United States Supreme Court from this collateral appeal.

On November 3, 2008 filed a petition for a writ of habeas corpus in this court alleging: (1) that he is actually innocent, and (2) he was denied his Sixth Amendment right to ineffective assistance of counsel because his trial counsel allegedly failed to obtain evidence supporting Robbins' claim that the statements he gave to authorities were coerced and involuntary.

## **LEGAL STANDARD**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner seeking habeas corpus relief to file a petition within one year after the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). In Illinois, the judgment of a court of review is final on the day

in which the decision is entered. *See Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002) (citing *PSL Realty Co. v. Granite Inv. Co.*, 427 N.E.2d 563 (1981)).

Respondent argues that Robbins' petition for a writ of habeas corpus is time-barred by the one year statute of limitations found in the AEDPA. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the statute of limitations period begins at the occurrence of one of four events:

> (A) the date on which the judgment becomes final by conclusion of direct review or the expiration of the time for seeking review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date in which the factual predicate of the claim or claims presented could have been discovered through the exercise due diligence.

*Id*. The AEDPA also contains a tolling provision which states that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under the subsection." 28 U.S.C. § 2244(d)(2).

## DISCUSSION

**I.      Robbins' Petition for Habeas Corpus Relief was not Timely Filed.**

The first issue related to the timeliness of Robbins' petition is the date from which the limitations period began to run. Robbins does not allege a State impediment to filing, a newly recognized and retroactive constitutional right, or a subsequent discovery of the factual predicate of a claim. Therefore, the date on which Robbins' conviction became final is the date that began the limitations period. 28 U.S.C. § 2244(d)(1)(A)-(D). The judgment in Robbins' case became final

on July 3, 2002, ninety days after his PLA was denied by the Illinois Supreme Court. *See Jones v. Hulick*, 449 F.3d 784, 787-88 (7th Cir. 2006).

However, Robbins filed his initial postconviction petition on April 25, 2002, prior to the expiration of the time for seeking direct review. As stated above, pursuant to the AEDPA's tolling provision, Robbins' filing of the postconviction petition tolled the federal limitations period. 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 5 (2000); *Wilson*, 302 F.3d at 747. The limitations period remained tolled until October 6, 2004, the date upon which the Illinois Supreme Court denied Robbins' postconviction PLA. Robbins is not entitled to toll the 90 days in which he could have filed a petition for writ of certiorari in the United States Supreme Court. *Wilson*, 302 F.3d at 748 (citing *Gutierrez v. Schomig*, 233 F.3d 490, 491 (7th Cir. 2000)). Therefore, the limitations period began running on October 7, 2004 and expired one year from the date upon which the Illinois Supreme Court denied Robbins' postconviction PLA, on October 6, 2005. 28 U.S.C. § 2244(d)(1); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002)(adopting "anniversary method" for calculating limitations period). Accordingly, because Robbins did not file the instant petition for habeas corpus until November 3, 2008, it is untimely.

Although Robbins filed a successive postconviction petition in the state court on January 31, 2006, that filing is irrelevant for statute of limitations purposes because it was filed after the statute of limitations period expired. No application for collateral review in the state court was pending between October 7, 2004 and October 6, 2005. Therefore, the entire one-year statute of limitations period ran unabated. *See Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005); *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000); *see Martin v. Kingston*, No. 04 C 46, 2006 U.S. Dist. LEXIS 35842, at *6 (E.D. Wis. May 31, 2006) ("The one-year period of limitations cannot be tolled

4

by the *later* filing of a motion or petition seeking collateral relief" because there is nothing to toll) (emphasis added). Accordingly, Robbins' petition must be dismissed as untimely unless we determine that the statute of limitations should be equitably tolled.

## II.     The Doctrine of Equitable Tolling does not Apply.

Under the doctrine of equitable tolling, a court may toll the statute of limitations period to benefit an otherwise untimely litigant. However, in order to trigger equitable tolling, Robbins must demonstrate that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstances prevented the timely filing of the petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Escamilla,* 426 F.3d at 872. The threshold to trigger equitable tolling is very high, and a claim of excusable neglect or a run-of-the-mill claim of ignorance is not sufficient to invoke equitable tolling of the limitations period. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Posada v. Schomig*, 64 F. Supp. 2d 790, 796 (C.D. Ill. 1999)(citing *United States ex rel. Morgan v. Gilmore*, 26 F. Supp. 2d 1035, 1039 (N.D. Ill. 1998)). Rather, Robbins must demonstrate that "extraordinary circumstances outside of [his] control prevent[ed] timely filing of the habeas petition." *Lo v. Endicott*, 506 F.3d 6572, 576 (7th Cir. 2007).

To date, neither the Supreme Court or the Seventh Circuit have identified any factual circumstances that would justify equitable tolling of the AEDPA's statute of limitations. *See Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008)(citations omitted). Accordingly, in light of the limited circumstances under which equitable tolling is permitted, Robbins is not entitled to toll the limitations period in this case. First, Robbins has made no showing that he has been diligently pursuing his rights. Although he filed a second postconviction proceeding in the state court system, he provided no justification or explanation as to why he let almost 16 months pass between the

5

denial of his initial postconviction PLA and the filing of his successive postconviction petition. Second, Robbins has alleged no extraordinary circumstances that prevented him from timely filing. Even if equitable tolling is allowed, the burden of proof is on the petitioner to establish that he is entitled to equitable tolling, and Robbins has not even mentioned equitable tolling, let alone set forth circumstances that might warrant such tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Therefore, we find that Robbins is not entitled to equitable tolling.

### III. **Robbins Claim of Actual Innocence does not Overcome his Untimeliness**.

Finally, insofar as Robbins attempts to circumvent the constraints of 28 U.S.C. § 2244 by alleging that he is actually innocent, we decline to grant habeas relief to Robbins on this ground. Neither the Supreme Court nor the Seventh Circuit have ever found that a claim of actual innocence applies to overcome a failure to timely file under 28 U.S.C. § 2254. In fact, the Seventh Circuit has held,

> 'We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.'

*Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004)(quoting *Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002)); *see also Escamilla*, 426 F.3d at 872 ("[p]risoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirements of timely action"). Therefore, "in this circuit, actual innocence is not a freestanding exception to the statute." *Martin*, 2006 U.S. Dist. LEXIS 35842, at *11 (citing *Arujo v. Chandler*, 435 F.3d 678, 682 (7th Cir. 2005). Accordingly, because Robbins' claim of actual innocence, which is based upon the premise that he acted in self-defense, does not contain any reasoning as to why he could not have discovered

6

newly alleged facts prior to the expiration of the statute of limitations, we decline to ignore the AEDPA statute of limitations on that ground.

Because Robbins' petition for habeas corpus relief was filed long after the relevant statute of limitations period expired and because he fails to set forth any reason for the delay, Robbins' habeas petition is untimely and should be dismissed.

## **CONCLUSION**

Robbins' petition for writ of habeas corpus is time barred by 28 U.S.C. § 2244(d), and Robbins has not presented any rationale for tolling the statute of limitations period. For the foregoing reasons, the motion to dismiss the petition [15] is granted. This is a final and appealable order and this case is hereby terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: April 8, 2009